**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HYUN TAEK YOO,<br><br>                    Petitioner,<br><br>    v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>                    Respondent. | No.    15-71070<br><br>Agency No. A200-243-149<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Hyun Taek Yoo, a native and citizen of South Korea, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's continuous physical presence determination, *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 850-51 (9th Cir. 2004), and review de novo due process claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's determination that Yoo failed to establish the requisite continuous physical presence, where Yoo's application for cancellation of removal and testimony show that he departed the United States for a period of more than 90 days during the statutory period. *See* 8 U.S.C. §§ 1229b(b)(1)(A), (d)(2) (a departure in excess of 90 days breaks continuous physical presence). Yoo's contentions that the agency denied him a full and fair hearing and applied incorrect legal standards are not supported by the record.

Accordingly, Yoo's due process claims must fail. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (due process claims require showing that proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case" (internal quotation marks and citation omitted)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**